IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DAUGENTI,

       Plaintiff,                    No. CIV 07-1963 MCE GGH P

    vs.

TEHAMA COUNTY SUPERIOR COURT, et al.,

       Defendants.              <u>ORDER</u>

                                   /

          On September 20, 2007, an order from the Northern District of California was filed in this court, transferring this matter on the premise that plaintiff proceeds in his May 22, 2007, filing in the Northern District on an action pursuant to 42 U.S.C. § 1983, and that the acts complained of occurred at High Desert State Prison (where plaintiff is housed). However, the putative complaint names no defendant linked to High Desert State Prison, nor does plaintiff complain of the conditions of his confinement there. Named as defendants are Tehama County Superior Court; District Attorney Gregg Cohen, and Thomas J. Hilligan, Attorney at Law. Plaintiff sets forth that he is bringing this action alleging "Fourteenth Amendment violations; impeaching in custody informant; manifest injustice (ineffective counsel)."

          Although plaintiff refers to himself as a plaintiff and not a petitioner, his claims all center on allegations related to his conviction, alluding to alleged events that occurred at the Tehama County Jail. Apparently, plaintiff seeks to withdraw his guilty plea; he alleges that a

1

1  witness (evidently, a co-defendant) was coerced into a confession, that the witness was moved
2  from protective custody by the Tehama County Jail commander to general population to coerce
3  the confession, that she evidently made two confessions on the same day, that the prosecution
4  manufactured a confession and that a reliable witness for plaintiff was not called by his defense
5  counsel.

6          None of these claims appear to be colorable under 42 U.S.C. § 1983.

> Federal law opens two main avenues to relief on complaints related
> to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
> and a complaint under the Civil Rights Act of 1871, Rev. Stat.
> 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of
> any confinement or to particulars affecting its duration are the
> province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
> 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).
As all of plaintiff's claims appear to be wholly related to a conviction or sentence and not to
conditions of his prison confinement, this "complaint" will be dismissed, but plaintiff will be
granted leave to amend.

        Plaintiff will be granted thirty days from the date of service of this order to file a
complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
Procedure, and the Local Rules of Practice OR to file a petition that complies with the Rules
Governing Section 2254 petitions. Should plaintiff file a civil rights complaint on the form to be
provided, he must also submit, within thirty days from the date of this order, the application to
proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the
amount of $350.00. See 28 U.S.C. §§ 1914(a), 1915(a). Should plaintiff, file a petition,
pursuant to 28 U.S.C. § 2254, on the form to be similarly provided, plaintiff, as petitioner, must
also either pay the $5.00 filing fee for filing a habeas application or file an application to proceed
in forma pauperis. Once plaintiff has filed an amended complaint or a petition, as appropriate,
the court will determine whether this action must be re-designated as a petition for writ of habeas
corpus. Plaintiff's failure to comply with this order will result in a recommendation that this

1  matter be dismissed.

2  In accordance with the above, IT IS HEREBY ORDERED that:

3  1. Plaintiff's "complaint" is dismissed with leave to amend within thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; OR a petition which conforms with the Rules Governing Section 2254 petitions. The complaint or petition must bear the docket number assigned this case. Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee, in the case of an amended complaint, in the amount of $350.00, or, in the case of a habeas petition, in the amount of $5.00. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

2. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, the court's form for filing a habeas petition and the application to proceed in forma pauperis by a prisoner.

DATED: 9/26/07                                    /s/ Gregory G. Hollows
                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
daug1963.noc